IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **DONALD O. MACLACHLAN and PAT MACLACHLAN,** | **CASE NO.:** |
| **Plaintiffs,** | **JUDGE** |
| vs. | |
| | **NOTICE OF REMOVAL** |
| **A.W. CHESTERTON, INC., et al., including GENERAL ELECTRIC COMPANY,** | |
| **Defendants.** | |

Defendant General Electric Company (hereinafter referred to as "General Electric") hereby removes this action from the Court of Common Pleas, Cuyahoga County, to the United States District Court for the Northern District of Ohio, pursuant to 28 U.S.C. §1422(a)(1). This civil action is one over which this Court has subject matter jurisdiction by virtue of Plaintiff Donald MacLachlan's (hereinafter referred to as "Plaintiff") attempts to adjudicate claims with respect to persons under the direction and control of an officer or agency of the United States. The grounds for removal are as follows:

1. On or about February 6, 2003, General Electric was served with copies of Plaintiff's state court Complaint, attached as Exhibit 1. The Complaint merely named General Electric as a defendant. It provided absolutely no details whatsoever concerning any specific products manufactured or supplied by General Electric to which plaintiff allegedly was exposed

and it failed to identify any specific work sites where General Electric products allegedly were present. Plaintiff did not disclose any further information about his claims against GE before his case was placed on the state court's Inactive Docket on April 6, 2006. The case remained inactive for the next eight years. On July 17, 2014, Plaintiff's counsel filed a Motion to Reactivate Case due to Plaintiff's development of mesothelioma. The Court granted that motion on July 18, 2014.

Plaintiff was finally deposed starting on September 29, 2014. No information was revealed at that time concerning his claims against GE. On October 17, 2014, before plaintiff's deposition was concluded, Defendant Foster Wheeler Energy Corporation removed the matter to Federal Court. On February 17, 2015, Plaintiff filed a Motion to Remand to State Court based on a settlement with Foster Wheeler, alleging that Foster Wheeler was the only Defendant that could raise Federal Question jurisdiction. The Court granted the Motion on April 13, 2015, and the case was returned to state court.

2. On May 1, 2015, plaintiff's deposition was reconvened in the state court case. During that testimony, plaintiff revealed for the very first time that he claimed to have been exposed to a piece of military equipment manufactured by GE: a main propulsion Navy steam turbine aboard the USS Kennedy, a United States Navy warship. Federal courts have repeatedly upheld GE's right to remove pursuant to 28 U.S.C. §1422(a)(1) in cases involving this type of military equipment manufactured for the Navy for installation aboard Navy ships. General Electric is therefore filing this Notice of Removal within thirty (30) days receipt of "a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. §1446(b).

3. The basis for the removal is that General Electric is a person that acted under the direct and detailed control of the Department of the Navy, an agency of the United States; and the Secretary of the Navy, an officer of the United States; in the design, manufacture, testing, and sale to the Navy of the turbines at issue. Commissioned officers of the Navy exercised direction and control over the design process of General Electric's marine turbines. The Navy controlled the design that was adopted and all final design drawings and specifications required express Navy approval. Following the Navy controlled design process, the marine turbines were manufactured for the Navy by General Electric in strict accordance with highly detailed military specifications issued by the Navy. Such military specifications governed all aspects of design and manufacture, including the materials used and safety factors. Adherence to such military specifications was mandatory, and General Electric had no discretion to diverge from the precise specifications during manufacturing. During manufacture, the Navy had a Naval officer present to ensure exact compliance with the Navy's military specifications. All testing of General Electric's completed marine turbines was conducted under the direction and control of Naval officers and personnel. Furthermore, the types and quantities of any thermal insulation materials that were applied to General Electric's turbines after they left General Electric's control were applied by shipyard personnel working under the control and supervision of the Navy. Any such thermal insulation materials were specified by the Navy in accordance with its own military specifications, and supplied by the shipyard, not General Electric. The military specifications concerning thermal insulation were developed by officers and engineers employed by the Navy.

4. General Electric has asserted a federal defense to this action: immunity from liability for injuries arising from any exposure to asbestos relating to General Electric

3

marine turbines on the Naval vessels upon which Plaintiff's Decedent served on/or worked. Boyle v. United Technologies Corp. 487 U.S. 500 (1988); Niemann v. McDonnell Douglas Corp., 721 F. Supp. 1019 (S.D. Ill. 1989).  Because General Electric has raised a proper claim of having acted under color of a federal officer of agency in its manufacture of the marine turbines to which Plaintiff claims exposure, removal of this action pursuant to 28 U.S.C. § 1442(a)(1) is proper.  Williams v. Brooks, 945 F.2d 1322, 1325 n.2 (5th Cir. 1991).  Courts have repeatedly upheld removal on this ground in the context of work on Navy ships or the supply of equipment for Navy ships.  See, Pack v. AC&S Inc., et. al., 838 F. Supp. 1099, 1101 (D.Md. 1993) (because the United States Government had extensive control over the construction, design, and testing of Westinghouse marine turbines, a federal defense under 28 U.S.C. §1442 was raised and removal was proper); Fung v. Abex Corp., et. al., 816 F. Supp. 569, 573 (N.D. Cal. 1992) (holding that action was properly removed under federal officer removal statute because defendant established Secretary of Navy exercised direct and detailed control over construction of vessels).

   5. The federal officer removal statute is not narrow or limited, and "should not be frustrated by a narrow or grudging interpretation of 28 U.S.C. §1442(a)(1)."  Willingham v. Morgan, 395 U.S. 402, 407 (1969).

   6. General Electric is not required to notify and obtain the consent of any other defendant in this action in order to remove Plaintiff's action under 28 U.S.C. §1442(a)(1). Ely Mines, Inc. v. Hartford Accident & Indemnity Co., 644 F.2d 1310, 1315 (9th Cir. 1981); National Audubon Society v. Dep't of Water & Power of the City of Los Angeles, 496 F. Supp. 499, 509 (E.D. Cal. 1980).

8. Should Plaintiff file a Motion to Remand this case, General Electric respectfully requests an opportunity to respond more fully in writing, including the submission of affidavits and authorities.

9. As required by 28 U.S.C. §1446, true and correct copies of the process, pleadings, and orders served upon General Electric are being filed with this Notice of Removal.

WHEREFORE, Defendant General Electric prays that this action be removed to this Court.

Respectfully submitted,

*/s/     Reginald S. Kramer*
Reginald S. Kramer (0024201)
OBY KRAMER SKINNER, LLC
789 W. Market St.
Akron, Ohio 44303
(330) 572-4354; fax (330) 572-4357
rkramer@okslaw.com

Attorney for General Electric Company

## **CERTIFICATE OF SERVICE**

      A copy of the foregoing Notice of Removal has been served this 29th day of May, 2015, upon all counsel of record.

                                            */s/      Reginald S. Kramer*
                                            Reginald S. Kramer